## BRAND et al. v. PENNSYLVANIA R. CO. et al.

### No. 9913.

District Court, E. D. Pennsylvania.

Feb. 23, 1938.

Bernard J. Kelley, of Philadelphia, Pa., for plaintiffs.

J. Hampton Barnes, of Philadelphia, Pa., and Frank L. Mulholland, of Toledo, Ohio, for defendants.

DICKINSON, District Judge.

Leave was given the parties to submit briefs, which we have now received.

#### The Fact Situation.

The complaint of the plaintiffs is an appealing one. The objective of the bill is

570

to secure to them what are called seniority rights of employment, which have become a very, if not the most, important feature of their contracts of employment. Modern methods of our industrial life have brought it about that industrial activities have become centered and concentrated in large combinations so that the individual employee who has accepted employment with one of them and who continues in the employment for any length of time must devote himself to that service. This is as inexorable as if he had been sentenced for life to that relation. This is because after some years of service he becomes unfitted for employment elsewhere and especially because after he has reached the age of forty he finds he cannot secure such employment. This truth makes pathetic the statement in this bill that "plaintiffs have no other vocation, profession or means of livelihood" than that which they have for years been following and that their "average age is now about 54 years." The feeling is so general as to be universal that continuance of employment should be accorded by preference to those who have longest served. This is known as the right of seniority and is recognized as a right. It is of this right the plaintiffs complain they are being deprived and to secure which they have filed this bill. Seniority cannot be determined without a date from which it is to be determined, and opinions may differ as to what that date in an individual case may be. The basis of the claim of the plaintiffs to such seniority cannot be stated within manageable limits and need not be set forth because they aver they are possessed of the right, and on this motion all the averments of the bill must be accepted. Activities as far reaching as those of a great railroad corporation cannot be conducted without confiding its work to what are called divisions or departments. Employment may be in any of these departments or an employee might temporarily or permanently be transferred from one department to another. Conflicting claims to priority may thus easily arise. In the organization of this railroad each department had a superintendent. The plaintiffs were entered on the seniority list in what was called car record office operating department. This department was afterwards split into two divisions, one the office of the superintendent car service or car service department; the other the office of the superintendent stations and transfers. The employees had their own representative

organizations. One was that of the "Brotherhood of Railway & Steamship Clerks, Freight Handlers Express and Station Employees." A controversy was initiated between this organization and the superintendent car service department over seniority rights. There is likewise a board constituted by authority of the Act of Congress of May 20, 1926 and its amendment of June 21, 1934, 45 U.S.C.A. § 151 et seq. This board is known as the Pennsylvania Railroad Clerical & Miscellaneous Forces Board of Adjustment, and has been named as one of the defendants in this bill. The controversy above mentioned was submitted to this board by the railroad company and the said brotherhood. Application was made to the National Mediation Board for the appointment of a referee to determine the said controversy and Milton Handler, Esq., who has been made a party defendant, was appointed. The referee made his findings and determinations and thereafter the board of adjustment before mentioned adopted and proclaimed the findings of the referee as its own. These findings, the plaintiffs aver, are injurious to their rights of seniority and were made without notice to them or opportunity afforded them to present their claims. On learning of the award of the referee, the plaintiffs protested to the board of adjustment and demanded a hearing, which was denied them. It is further averred that, if the Pennsylvania Railroad Company complies with the order and award of the referee and board of adjustment, it will do a great injury to the plaintiffs.

The bill in consequence prays: (1) That the order and award of the referee be declared to be null and void; (2) that the defendant board of adjustment be enjoined from enforcing the award; (3) that the railroad company by mandatory order be required to restore to employment those of the plaintiffs who have been furloughed under the provisions of said award; (4) together with the usual prayers for injunction, preliminary and final, and for an ad interim restraining order.

The defendants move to dismiss the bill for want of jurisdictional power in the court to entertain it. If this prevails, the motion of the plaintiffs for a preliminary injunction goes with it.

### Discussion.

The question raised is a very broad one and opens the field to a most interesting discussion.

■■ The jurisdiction of a court to judicially decide a cause is its judicial power to do so. Jurisdiction is of several kinds as jurisdiction of the subject matter; of the parties; and what is termed venue jurisdiction. The latter means the power of the particular court to function. We are a court of the United States. Our judicial power, as the Constitution happily terms it, does not extend to all cases in law or equity but to a restricted number of them. Beyond the power conferred by the Constitution we have none. Among others we are restricted in the exercise of our judicial authority to cases arising under the Constitution or laws of the United States and to controversies between citizens of different states. District Courts, being statutory courts, may be further restricted in their judicial powers by Congress. All legislative bodies have exercised the power to constitute nonjudicial tribunals to afford more prompt and less expensive methods of settling controversies than those afforded by the courts. These are all dominated by the thought that they are an aid to the judicial branch of government and do not curtail its constitutional powers. Thus we have boards and commissions to regulate carriers in intra and interstate commerce; workmen's compensation for injuries not due to negligence; trade regulations; and for the settlement of labor disputes.

■■ This case concerns itself with the Act of May 20, 1926, as amended by the Act of June 21, 1934, 45 U.S.C.A. § 151 et seq. passed to aid in solving problems which arise out of the relation of employer and employees engaged in interstate commerce. It is an accepted doctrine that such boards and commissions have the legal power to function without being interfered with by the courts. Myers v. Bethlehem Shipbuilding Corp., 58 S.Ct. 459, 82 L.Ed. ——, decided January 31, 1938.

Indeed, some legislative enactments go far toward directing the courts to accept the fact findings of such tribunals without review. Here the board defendant has ruled upon the seniority rights of employees of the Pennsylvania Railroad Company. The ruling is said to infringe upon the rights of the plaintiffs, and complaint is made not merely that it is unsound and unjust but also that it was made without notice to the plaintiffs, followed by the refusal to give them a hearing. They accordingly have appealed to the judicial power to declare, among other things, the order or award thus made to be a nullity.

■ The defendants have moved to dismiss the bill for lack of jurisdiction. This is a narrower ground than want of equity. We in consequence assume that it is not denied that a statutory tribunal may be enjoined from enforcing an award entered without notice to the party injuriously affected thereby. It is objected, however, that, although a cause of action may exist, a court of the United States has no jurisdiction to entertain it because there is no diversity of citizenship averred. There is, however, an act of Congress to be passed upon, and hence the case concerns itself with a law of the United States, and, if the power of Congress is in question, a case under the Constitution arises. Besides this difficulty presents itself. If it is made a state court case, that court must pass upon the application and validity of an act of Congress.

The case of Nord v. Griffin, 7 Cir., 86 F. 2d 481, rules that a bill of this kind may be maintained. The Supreme Court, it is true, has, in the Myers Case, supra, ruled that a District Court cannot restrain a Wagner Act Board from functioning. This, however, is a different proposition from that of deciding that the enforcement of an invalid order may not be restrained.

The case of Carroll v. Erie Railroad,[1] ruled by the Supreme Court of New York for the Eighth Circuit, on January 7, 1938, denied a motion for an injunction restraining a board from enforcing its order in a seniority claim case. This, however, is a state case.

■ Without prolonging the discussion, we deny the motion to dismiss the bill. This takes us to the motion for a preliminary injunction. It is evident that such an injunction is much more than a restraining one. It would be mandatory upon the railroad company defendant.

The motion for a preliminary injunction is likewise refused.

To give definiteness of date to the decree made, none is now made, but leave is granted to submit a formal order or decree denying the motion to dismiss and denying also the motion for a preliminary injunction.

---

[1] No opinion for publication.