## SWARTZ v. SOUTH BUFFALO RY. CO.
### Civ. No. 1010.

District Court, W. D. New York.
April 18, 1942.

Winton H. Church, of Buffalo, N. Y., for plaintiff.

Kenefick, Cooke, Mitchell, Bass & Letchworth, of Buffalo, N. Y. (Thomas R. Wheeler, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

Defendant moves to dismiss on the ground of lack of jurisdiction in the court. Plaintiff is a citizen of this State and a resident of Buffalo. The defendant is a domestic corporation. The amount of controversy exceeds $3,000. The motion is based on lack of diversity of citizenship. Plaintiff sues to recover loss of wages resulting from unlawful discharge by the defendant. He was a freight conductor and bases his claims upon certain rules and regulations promulgated by the defendant. The causes of action set up in the complaint allege breach of contract.

█ There is no federal statute giving jurisdiction in the instant type of suit. The National Railway Labor Act, Chapt. 8, 45 U.S.C.A. § 151 et seq., provides the establishment of a National Railroad Adjustment Board (sec. 153). Such Board is given jurisdiction, among other things, over disputes involving employees of the defendant corporation such as the plaintiff (Sec. 153(i) and also provides (sec. 153(p) that on the failure of the carrier to comply with an order of the Adjustment Board the aggrieved party "may file in the District Court of the United States for the district in which he resides or in which is located the principal operating office of the carrier, or through which the carrier operates, a petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board in the premises. Such suit * * * shall proceed in all respects as other civil suits." Since there is no federal statute specially authorizing suit without action by the Railroad Adjustment Board, it must be found that this court has not jurisdiction for lack of diversity of citizenship.

█ Of course, aside from the remedy offered through the Railway Labor Act, the plaintiff can sue in the State courts. Moore v. Illinois Central Ry Co., 5 Cir., 112 F.2d 959, 967, upon which the plaintiff mainly relies, was reversed by the Supreme Court, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. This case does not present a comparable state of facts. The question of diversity of citizenship as a basis for jurisdiction was not involved. The Supreme Court did say that procedure under the Railway Labor Act, supra, was not the prerequisite to filing a suit in court. It is not claimed here that it is. In the dissenting opinion in the Circuit Court, Circuit Judge Holmes said: "There is no federal question in this case, except as to matters of defense. Our jurisdiction rests solely upon diversity of citizenship. * * * Upon the facts before us, the federal court is not authorized to exercise an independent judgment, either as to the construction of the contract sued on or as to the applicable statute of limitations. Both are questions of state law, and we should follow the state court." This reasoning was followed in the Supreme Court. Brand v. Pennsylvania R. Co., D.C., 22 F.Supp. 569, and Hudson & Manhattan Ry. Co. v. Hardy, D.C., 22 F.Supp. 105, cited by the plaintiff, are neither of them in point. The Brand case held that suit could be maintained in the District Court to enjoin the enforcement of a referee's award, approved by the Railroad Adjustment Board organized under the Railway Labor Act; and the Hudson & Manhattan case was a suit to enjoin the enforcement of an order of a National Mediation Board against a railroad claiming not to be within the jurisdiction of that Board under the Railway Labor Act. This latter action was brought against the United States District Attorney.

Defendant's motion to dismiss must be granted.