DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Plaintiff, *v.* MARION J. SLOCUM, as General Chairman of Lackawanna Division No. 30 of the Order of Railroad Telegraphers, et al., Defendants.

Supreme Court, Special Term, Chemung County, April 7, 1944.

*John F. Dwyer* for Marion J. Slocum, defendant.

*Pierre W. Evans* for plaintiff.

PERSONIUS, J. The defendant Marion J. Slocum has filed the summons, complaint, petition for removal, etc., and given notice of this application for an order approving the bond and directing removal of the action. Mr. Slocum is a resident of Scranton, Pennsylvania. The plaintiff is a Pennsylvania corporation. The defendant Louis J. Carlo does not join in the petition. His residence does not appear in the papers but apparently he is a resident of New York State. There is, therefore, no diversity of citizenship between the plaintiff and the petitioner.

However, the petitioner argues (1) that the action is brought to determine the rights of the parties arising under a Federal statute, the Railway Labor Act (U. S. Code, tit. 45, § 151 *et seq.*), and (2) that the controversy between the defendant Carlo and the plaintiff is a " separable controversy " from that between the plaintiff and the defendant Slocum. (U. S. Code, tit. 28, § 71.)

The complaint alleges that the plaintiff has an original and a superseding contract with the Order of Railroad Telegraphers (herein called " Telegraphers' Union "), represented by Mr. Slocum. These contracts are attached to the complaint as Exhibits " A " and " B ". It further alleges that the plaintiff has an original and a superseding contract with the Brotherhood of Railway and Steamship Clerks, etc. (herein called " Clerks' Union "), represented by Mr. Carlo. These contracts are attached to the complaint as Exhibits " C " and " D ". It further alleges that said contracts refer to certain classes or groups of employees and that a dispute or controversy has arisen between the Telegraphers' Union and the Clerks' Union and the plaintiff as to whether a certain group or groups of employees are covered by the contract with the Telegraphers' Union or the contract with the Clerks' Union. The complaint demands that the court *declare* the rights and legal relations of the plaintiff with the Telegraphers' Union under their contract and likewise the rights and legal relations with the Clerks' Union under their contract, and declare that the work performed by one group of employees comes within the contract with the Clerks' Union and not within the contract with the Telegraphers' Union. No monetary dispute is involved in this action, though as a result thereof the rights of certain members to back pay might be affected.

It is to be noted that the complaint makes no reference to the Railway Labor Act except in two instances. (1) It alleges in paragraph two that the Telegraphers' Union is constituted for collective bargaining with the plaintiff, and as such certified under the Railway Labor Act, and in paragraph ten that the Clerks' Union is constituted for collective bargaining with the plaintiff and as such certified under the Railway Labor Act. (2) In paragraphs twenty-six and twenty-seven the complaint alleges that without a declaration by the court of the rights of the parties, the plaintiff must act at its peril, possibly resulting in a claim that the plaintiff has violated its agreement, which violation might come under the Railway Labor Act and subject the plaintiff to a multiplicity of claims for wages on the part of a group of employees who performed no labor and, further, that the plaintiff has no adequate remedy under the Railway Labor Act.

We hold that the cause of action alleged does not come under the Railway Labor Act. The action is for a construction of the *contracts* between the parties. It does not arise under any *law* regulating commerce. (U. S. Code, tit. 28, § 41, subd. 8.) It does not grow out of any disputes concerning rates of pay, rules or working conditions. (U. S. Code, tit. 45, §§ 151a, 153, subd. [i].)

" To give rise to federal jurisdiction, the basis of the suit must be concerned with the *validity, construction, enforcement or effect of the statute;* anything less is insufficient." (Underscoring ours.) (*Toledo, P. & W. R. R.* v. *Brotherhood of R. R. Trainmen, Etc.,* 132 F. 2d 265, 268; *Hull* v. *Burr,* 234 U. S. 712, 720.) The present action involves neither the validity, construction, enforcement nor effect of the Railway Labor Act nor any Federal statute. On the contrary, it is brought solely to obtain a declaratory judgment determining the rights and obligations of the parties under written agreements. The plaintiff is seeking no rights under the Railway Labor Act. It seeks relief only under the contracts. State courts have taken jurisdiction of controversies involving working agreements, not only before the adoption of the Railway Labor Act, but since. Among numerous such cases are *Florestana* v. *Northern Pacific Ry. Co.* (198 Minn. 203) and *Franklin* v. *Pennsylvania-Reading S. S. Lines* (122 N. J. Eq. 205).

The procedure under the Railway Labor Act seems inadequate to bind the three parties to this action.

No proceeding before the Adjustment Board or otherwise under the Railway Labor Act has been had. Such proceeding

is not a prerequisite to an action in court. (*Moore* v. *Illinois Central R. Co.*, 312 U. S. 630, 635, 636.) In *Primakow* v. *Railway Express Agency, Inc.* (U. S. Dist. Ct., E. D. Wis., Aug. 7, 1941, DUFFY, J.), there seems to have been a proceeding to determine the employee's seniority rights resulting unfavorably to the employee. Thereafter an action was brought in the State court which was removed to Federal court. A motion to remand was denied, the court saying that the plaintiff (employee) by her complaint alleges the award by the "Express Board of Adjustment No. 1, purporting to act under the terms of the Railway Labor Act." She sought to enjoin carrying the Board's decision into effect. This brought the case within the Railway Labor Act. In *Myers* v. *Louisiana & A. Ry. Co.* (7 F. Supp. 92, 96, cited by petitioner) the court said: "The plea to the jurisdiction cannot be maintained. The case involves an interpretation of and is based upon two Federal statutes, to wit, the Railway Labor Act (45 USCA § 151 et seq.) and the Labor Injunction Law (29 USCA § 101 et seq.), which gives the court jurisdiction without regard to the residence of the parties. Section 24, Judicial Code (28 USCA § 41)." That case, therefore, brought the construction of the Federal laws directly into issue. It involved rights given the plaintiff by statute. *Virginian Ry.* v. *Federation* (300 U. S. 515, 538) presented "questions as to the constitutional validity of certain provisions of the Railway Labor Act".

Finally, there is no "separable" controversy between the petitioner and the plaintiff. The issue clearly involves the plaintiff and *both* defendants. The defendant Carlo (who does not ask removal) is as necessary to a determination of the issue as the defendant-petitioner Slocum. The action is brought to obtain a binding adjudication of the rights and obligations of all three parties under the contracts. An adjudication as to one defendant would be of no avail as to the other. Furthermore, under the statute, to authorize a removal there must not only be a *severable* controversy but there must be a diversity of citizenship between the parties to the *severable* controversy. Here there is no such diversity. The petitioner and plaintiff are both residents of Pennsylvania.

To entitle the petitioner to an order of removal, it must appear from the pleadings, petition and former proceedings that he is entitled to the removal of the case. Until such a case is made, the State court is not bound to surrender its jurisdiction. (4 Hughes on Federal Practice, § 2511; *Morgan* v. *Kroger Grocery & Baking Co.*, 96 F. 2d 470, 472, 473; *Ches. & Ohio Ry.* v. *Cockrell*, 232 U. S. 146, 153, 154.)

Holding as we do that this action does not involve the Railway Labor Act or any other Federal statute, that there is no severable controversy or any diversity of citizenship between the petitioner and the defendant .shown by the papers, the application of the petitioner is denied.

Submit order accordingly.