## DELAWARE, L. & W. R. CO. v. SLOCUM et al.

### Civil Action No. 1731.

District Court, W. D. New York.

June 21, 1944.

635

Sayles, Flannery & Evans, of Elmira, N.Y. (Rowland L. Davis, Jr., and Pierre W. Evans, both of Elmira, N.Y., of counsel), for plaintiff, appearing specially for this motion.

Hassenauer, McKeown & Trussell, of Chicago, Ill., and John F. Dwyer, of Buffalo, N.Y., for defendant Slocum.

KNIGHT, District Judge.

Two motions are here for consideration.

This suit was first brought in the Supreme Court of the State of New York for the construction of certain separate contracts between the parties and the two union organizations. Defendant Slocum thereafter applied in such Supreme Court for an order directing removal of the action to the United States District Court. This application was denied. Thereafter a bond on removal was approved by me. The plaintiff appearing specially moves to remand the cause to the Supreme Court of the State of New York, and the defendant moves to dismiss the action.

The complaint alleges that Lackawanna Division No. 30 of the Order of Railroad Telegraphers and the System Board of Adjustment, Delaware, Lackawanna and Western Railroad, of Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, are voluntarily unincorporated associations constituted for the purpose of collective bargaining and that each of such organizations has been duly certified under the Railway Labor Act, 45 U.S.C.A. § 151 et seq.; that each of the afore-mentioned organizations is recognized by the plaintiff as the sole bargaining agent for the class of employees qualified to hold positions defined within the scope of the scope rule set forth in the collective bargaining agreement between the plaintiff and each of such organizations; that the said Order of Railroad Telegraphers maintains that certain work performed by so-called "crew callers" comes within the scope of the scope rule of an agreement between the plaintiff and said Order of Telegraphers; that the Brotherhood of Railway and Steamship Clerks aforesaid maintains that all work performed by said "crew callers" comes

within the scope of the scope rule of an agreement made between the plaintiff and said Brotherhood of Railway and Steamship Clerks; that therefore a dispute exists between the said Order of Railroad Telegraphers and Brotherhood of Railway and Steamship Clerks relative to the interpretation of the scope of the scope rule of the agreements between the plaintiff and the said Order of Railroad Telegraphers and Brotherhood of Railway ·and Steamship Clerks and that without declaration of the rights of said parties to said agreement the plaintiff may be subjected to multiplicity of claims arising out of misinterpretation of the agreements aforesaid; that the plaintiff has no adequate remedy.at law and no adequate remedy before the National Rail-Road Adjustment Board, since there is no procedure where plaintiff can bring said claims jointly before the Third Division or any Division of the National Railroad Adjustment Board whereby if either said Order of Railroad Telegraphers or Brotherhood of Railway Steamship Clerks presents its claim to the Third Division plaintiff can implead or make the other association a party thereto so that such other association will be bound by the decision of the National Railroad Adjustment Board. The complaint seeks a declaratory judgment construing the scope of the scope rules of the two organizations with respect to said so-called crew callers.

The motion of the defendant Slocum will first be considered.

The motion papers set forth as their basis the single ground that this court is without jurisdiction because of the provisions of the Railway. Labor Act, as amended June 21, 1934, 45 U.S.C.A. § 153 First Division (i). Upon the hearing on the motion and in his brief defendant Slocum raises the additional grounds that the complaint fails to state a cause of action under the state rules governing declaratory judgments and that the public interest will be served by denial of relief, since it does not appear that private interests of the plaintiff will be irreparably damaged.

■ Moore, v. `Illinois Cent. R. Co., 312 U.S. 630, 61 S.Ct. 754, 756, 85 L.Ed. 1089, settled the question of the necessity of invoking the aforesaid provisions of the Railway Labor Act as a prerequisite to an action. The court there said:

"The legislative history of the Railway Labor Act shows a consistent purpose on the part of Congress to establish and main-tain a system for peaceful adjustment and mediation voluntary in its nature. The District Court and the Circuit Court of Appeals properly decided that petitioner was not required by the Railway Labor Act to seek adjustment of his controversy with: the railroad as a prerequisite to suit for wrongful discharge."

■ The Railway Labor Act (Sec. 153: First Division (i), supra, relates to "the· disputes between an employee or groups of employees and a carrier or carriers growing out of grievances or out of the inter- pretation or application of agreements concerning rates of pay, rules, or working conditions, * * *." The dispute here asserted is between the Order of Railroad. Telegraphers and the Brotherhood of Rail-way and Steamship Clerks and not between the plaintiff and either of said organizations; and no dispute here arises concerning "rates of pay, rules, or working conditions." While it is true that either of the aforesaid organizations could bring proceedings under the aforesaid provisions of the Railway Labor Act, it is not obligatory upon either of these so to do nor is there any way in which the plaintiff can compel the initiation of such a proceeding. The Railway Labor Act does not provide· that the plaintiff can bring the claims jointly before the Railroad Adjustment Board for determination or that the plaintiff can make the second association a party to the proceedings so that it will be bound by decision rendered by the National Adjustment Board.

■ A suit does not arise under the laws of the United States unless it "really and substantially involves a dispute or controversy respecting the validity, construction, or effect of some law of the United States, upon the determination of which the result depends." Hull v. Burr, 234 U.S. 712, 720, 34 S.Ct. 892, 895, 58 L.Ed. 1587; Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205; Viles v. Symes, 10 Cir., 129 F.2d 828; Gardner v. Schaffer, 8 Cir., 120 F.2d 840; Phillips v. Pucci, D.C., 43 F.Supp. 253. It is patent from the complaint that this suit does not involve the "validity, construction, or effect" of any federal statute, but rather seeks the determination of its rights or liabilities under certain contracts. It has been urged that this is a suit for a violation of the commerce laws, 28 U.S.C.A. § 41(8), and that this court has original jurisdiction. The nature of the suit is to be determined

by the complaint (Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Home Bldg. Corp. v. Carpenters Dist. Council, D.C., 53 F.Supp. 804; Visayan Refining Co. v. Standard Transp. Co., D.C., 17 F.2d 642), and nothing therein reveals that the acts charged have any relation to the commerce laws. It is true that the plaintiff in the operation of its railroad was engaged in interstate commerce, but the mere fact that interstate commerce may be affected is not sufficient to give jurisdiction in a private suit unless the suit directly concerns an Act of Congress. Toledo, P. & W. R. R. v. Brotherhood of R. R. Trainmen, 7 Cir., 132 F.2d 265, reversed on other grounds 321 U.S. 50, 64 S.Ct. 413; Phillips v. Pucci, supra; Burke v. Union Pac. R. Co., 10 Cir., 129 F.2d 844. The only issue is the interpretation of the contracts.

The District Court has jurisdiction where the suit arises under the Constitution or laws of the United States or Treaties authorized thereunder, and it may be removed from the state court. 28 U.S.C.A. § 71, provides: "when * * * there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested * * * may remove said suit into the district court * * *." This provision has no application, because it both appears that the plaintiff and the defendant Slocum are residents of the State of Pennsylvania; that the defendant Carlo is a resident of the State of New York and that the matter in controversy or at issue can not be "fully determined as between" the plaintiff and the defendant Slocum. While the petition of the defendant Slocum alleges that there is a separable controversy, it appears upon the face of the complaint that all the parties are necessary to a complete determination. The complaint itself determines, not the allegations in the petition. Chicago, R. I. & P. R. Co. v. Whiteaker, 239 U.S. 421, 36 S.Ct. 152, 60 L.Ed. 360; Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544. Even though there were a separable controversy, lacking diversity of citizenship, removal in the state court was not warranted.

In opposition to plaintiff's motion to remand, defendant Slocum asserts that plaintiff can not maintain this action for a Declaratory Judgment because "an-other statutory remedy has been specially provided for the character of case presented." He cites American Jurisprudence Vol. 16, p. 295; Borchard on Declaratory Judgments, pp. 156, 157; International Brotherhood, etc., v. International U., etc., 9 Cir., 106 F.2d 871; Bemis Bro. Bag Co. v. Feidelson, D.C., 13 F.Supp. 153. Plaintiff filed his complaint in the state court under the rules governing declaratory judgments. Rule 212 of the Rules of Civil Practice (N.Y.) provides that the court "may decline to pronounce a declaratory judgment," where in its opinion the party should seek relief under other existing form. Complete answer to any objection on this account is found in the fact that the state court in an able opinion by Judge Personius, — Misc. —, 50 N.Y.S.2d 313, on an application for the removal of the action to this court, held that the state court had jurisdiction and denied the application for removal. Further, the question of whether the state court has any other existing form of proceeding or whether there are other reasons for which the state court in the exercise of its discretion should decline jurisdiction can only be determined when some action in the suit is taken in the state court. Again, it does not appear that there is any other form of action or proceeding in the state court through which the relief here sought could be obtained. The action of the court is entirely discretionary, and even so the state court would lack authority to relegate the issue to any existing form under a federal statute. The state rule applies only to relief afforded in the state and a federal rule to the same effect would be applicable only where relief was afforded under federal statutes.

The defendant Slocum has upon these motions submitted three extensive briefs. These are largely concerned with the necessity of recourse by the plaintiff to the Railway Act and the effect of the failure to proceed under it on the administration of the Act. As hereinbefore pointed out, the instant action is simply one to declare the meaning of certain contracts. However worthwhile procedure under the Railway Labor Act may be, no law makes it compulsory and no law denies the jurisdiction of the state court.

The question is raised that the complaint does not show irreparable damage will ensue to the plaintiff through its failure to pursue this suit. It appears from the complaint that plaintiff may suffer very

substantial damages if payments are made to employees who are not entitled thereto pursuant to the agreement with the plaintiff.

The instant case does present an unusual question. The decision here made finds further support in these cases: Lane v. Union Terminal Co., D.C., 12 F.Supp. 204; Lund v. Woodenware Workers Union, D.C., 19 F.Supp. 607; Swartz v. South Buffalo R. Co., D.C., 44 F.Supp. 447; Malone v. Gardner, 4 Cir., 62 F.2d 15; First National Bank of Danville v. Phalen, 7 Cir., 62 F.2d 21, 88 A.L.R. 75; Grand International Brotherhood of Locomotive Engineers v. Mills, 43 Ariz. 379, 31 P.2d 971; Evans v. Louisville & N. R. Co., 191 Ga. 395, 12 S.E.2d 611; Lyons v. St. Joseph Belt R. Co., 232 Mo.App. 575, 84 S.W.2d 933. The authorities cited by the defendant Slocum on the principal contention made by him are mostly cases which clearly arise under the provisions of federal statutes. Among these are: Virginian R. Co. v. System Federation No. 40, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789; Brand v. Pennsylvania R. Co., D.C., 22 F.Supp. 569; Tolliver v. Cudahy Packing Co., D.C., 39 F.Supp. 337.

The motion to dismiss must be denied, and the motion to remand to state court granted.