SCHATTE et al. v. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE OPERATORS OF UNITED STATES AND CANADA et al.

No. 6063.

District Court, S. D. California,
Central Division.

Feb. 25, 1947.

Zach Lamar Cobb and Bates Booth, both of Los Angeles, Cal., for plaintiffs.

Bodkin, Breslin & Luddy, of Los Angeles, Cal., for defendants International Alliance, etc., and Brewer.

O'Melveny & Myers, of Los Angeles, Cal., for defendants Association of Motion Picture Producers, Inc., et al.

HARRISON, District Judge.

This action for a declaratory judgment is brought by sixteen individuals, members of the United Brotherhood of Carpenters and Joiners of America (hereinafter called Carpenters), on behalf of themselves and others similarly situated, to determine and to protect against alleged conspiracy their rights under certain agreements entered into between the motion picture studios, Carpenters, the International Alliance of Theatrical Stage Employees and Moving Picture Operators of the United States and Canada (hereinafter called Stagehands), and others. The defendant studios and Stagehands have moved to dismiss on the grounds that: (1) This court lacks jurisdiction; (2) the court should, in the proper exercise of its discretion, decline to assume jurisdiction; and (3) the complaint fails to state a claim upon which relief can be granted.

The forty-eight page complaint when analyzed presents nothing more or less than a request that this court interpret a private contract or agreement allocating certain work on stage sets in the moving picture industry. As stated by counsel in oral argument, the difference between the parties is simply who is "to drive the nails." The serious question before the court is whether this court has jurisdiction in the absence of diversity of citizenship.

Thus, we have an action in which private individuals ask this court to construe their rights under a contract negotiated on their behalf by a labor union, and to protect such rights from interference with or invasion by other persons acting individually or in conspiracy with each other. Since this is a court of limited jurisdiction, every case brought here must fall within the terms of a provision of some statute of the United States. Plaintiffs allege (paragraph VIII):

"Jurisdiction of this Court is vested by virtue of Section 400, Title 28, United States Code Annotated; Section 41(1), 41(8), 41(12), and 41(14), Title 28, United States Code Annotated; Section 729, Title 28, United States Code Annotated; Sections 43 and 47(3), Title 8, United States Code Annotated; Section 157, Title 29, United States Code Annotated; and the Constitution of the United States, Amendments V and XIV."

If the case does not fall within the terms of one or more of these statutes or amendments to the Constitution, the court must dismiss the action for want of jurisdiction.

■■ 28 United States Code Annotated § 41(12) and 8 United States Code Annotated § 47(3) give the District Courts jurisdiction in suits *for damages* on account of injury to the plaintiff's person or property, or the deprivation of any right or privilege of a citizen of the United States by any act done in furtherance of a conspiracy. Under 28 United States Code Annotated § 41(12), damages are an essential part of the judgment, and damages will vary from person to person. Their rights are several, and a judgment in this action will not bind the parties not before the court. Pentland v. Dravo Corp., 3 Cir., 152 F.2d 851; Bethlehem Shipbuilding Corp. v. Nylander, D.C. 14 F.Supp. 201. The decision here would not settle the entire controversy, and where that cannot be done, a complaint seeking a declaratory judgment should be dismissed. Angell v. Schram, 6 Cir., 109 F.2d 380, 382; United Electrical Radio & Mach. Workers of America (CIO) v. Westinghouse Electric Corp., D.C., 65 F.Supp. 420, 423; Koon v. Bottolfsen, D.C., 60 F.Supp. 316.

■ Disregarding the limitations of said section on account of the requirement of damages, this court would still be without jurisdiction, since these statutes were passed to protect individuals from violations of their rights by State action, and none is here alleged. Love v. Chandler, 8 Cir., 124 F.2d 785, 786, 787. Only rights of citizens under the laws of the United States are protected. Mitchell v. Greenough, 9 Cir., 100 F.2d 184, certiorari denied 306 U.S. 659, 59 S.Ct. 788, 83 L.Ed. 1056. That being true, since more than $3,000 is admittedly involved, this section can in no event confer any jurisdiction not already given by 28 U.S.C.A. § 41(1), which is hereinafter discussed.

■ 28 U.S.C.A. § 41(1) and 8 U.S.C.A. § 43 both provide for redress for deprivation of rights under color of any law, statute, ordinance, regulation, custom, or usage of any State or Territory, in express terms. It is not alleged that the defendants are acting under color of any State law, etc., so these sections cannot act to establish jurisdiction in this court. Allen v. Corsano, D.C., 56 F.Supp. 169; California Oil & Gas Co. v. Miller, C.C.Cal., 96 F. 12, 22. Picking v. Pennsylvania R., 3 Cir., 151 F.2d 240, is not applicable here, because the wrongs alleged in that case were all under color of State law.

■ 28 U.S.C.A. § 729 merely establishes the procedure to be followed by the federal courts in certain classes of cases. This section has reference not to the extent or scope of jurisdiction, nor to the rules of decision, but to the forms of procedure and remedy. In re Stupp, 23 Fed. Cas. No. 13,563, p. 296; United States v. Reid, 12 How. 361, 365, 53 U.S. 361, 365, 13 L.Ed. 1023, 1025; Scaffidi v. United States, 1 Cir., 37 F.2d 203, 207.

■ The Fifth and Fourteenth Amendments of the Constitution are designed to protect the individual from invasion of his rights, privileges and immunities by the federal and the State governments respectively. Corrigan v. Buckley, 271 U.S. 323, 330, 46 S.Ct. 521, 70 L.Ed. 969; Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835. Neither Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423, nor Screws v.

United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330, has overruled these cases, even by implication, for the wrongs complained of in both the Hague and the Screws case were committed by the government or under color of law.

■ 28 U.S.C.A. § 41(8) confers jurisdiction on the District Courts of the United States in "all suits and proceedings arising under any law regulating commerce," without regard to the jurisdictional amount requirement of 28 U.S.C.A. § 41(1). Since more than $3,000 is involved in this action, Section 41(8) will not establish jurisdiction in this court if it cannot be established under Section 41(1), which grants jurisdiction in all suits where the matter in controversy exceeds $3,000 and "arises under the Constitution of laws of the United States."

■ It is not enough that the dispute should merely *affect* commerce to bring it within the scope of Section 41(8) or Section 41(1). Delaware, Lackawanna & Western R. v. Slocum, D.C., 56 F.Supp. 634.

In Gully v. First National Bank, 299 U. S. 109, at page 112, 57 S.Ct. 96, at page 97, 81 L.Ed. 70, Mr. Justice Cardozo said:

"To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. * * * The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect. and defeated if they receive another."

■ Plaintiffs do not claim any violation of the right to bargain collectively under the National Labor Relations Act, 29 U.S.C.A. § 157, nor the right to contract for employment, nor the right to contract collectively for employment. Plaintiffs assert that the right to work at one's chosen vocation within the terms of a contract negotiated under federal law, the National Labor Relations Act, has been violated. The bare right to work is not a right protected by federal law. Love v. United States, 8 Cir. 108 F.2d 43, certiorari denied

309 U.S. 673, 60 S.Ct. 716, 84 L.Ed. 1018, and cases therein cited; Brents v. Stone, D. C., 60 F.Supp. 82, 84; Emmons v. Smitt, D. C., 58 F.Supp. 869, affirmed 6 Cir., 149 F.2d 869, 872.

■ From the mere fact that a right was established by federal law, it does not follow that all litigation growing therefrom arises under the laws of the United States. Actions growing from the issue of federal land grants do not arise "under the laws of the United States." Shoshone Mining Co. v. Rutter, 177 U.S. 505, 20 S.Ct. 726, 44 L.Ed. 864; Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 707, 56 L.Ed. 1205; Marshall v. Desert Properties, 9 Cir., 103 F.2d 551, certiorari denied 308 U.S. 563, 60 S.Ct. 74, 84 L.Ed. 473. An action brought to enforce a right under a contract which is made as the result of rights granted under the patent laws to receive royalties upon sale or license of the patented device is not an action arising under the laws of the United States. Odell v. Farnsworth, 250 U.S. 501, 504, 39 S.Ct. 516, 63 L.Ed. 1111. To come within the provisions of these sections, the suit must really and substantially involve a dispute respecting the validity, construction, or effect of some law of the United States, upon the determination of which the result depends. Malone v. Gardner, 4 Cir., 62 F.2d 15; Delaware, Lackawanna & Western R. v. Slocum, D. C., 56 F.Supp. 634.

■ The only important issue in the case at bar is the interpretation of a contract. The *meaning* of this contract is not dependent on the National Labor Relations Act, whether it owes its existence to that Act or not. A decision by this court that the Carpenters or the Stagehands, as the case may be, have the right to construct stage sets would not involve consideration of the validity, construction, or effect of the Act. The decision would be based purely and simply upon contractual principles. Therefore, this suit does not arise under the Constitution or laws of the United States, and this court lacks jurisdiction.

In this memorandum opinion, this court has not attempted to cover the broad

field of law cited in over two hundred and twenty-five cases referred to in two hundred pages of briefs. To do so would require the writing of a treatise on various phases of the subject of jurisdiction of the United States District Courts in labor disputes.

I have only attempted to outline my reasons for my conclusion that this court lacks jurisdiction. In view of my conclusion, it is unnecessary to pass upon the other questions raised by the various motions.

The above entitled action is hereby ordered dismissed for want of jurisdiction.