## COURANT v. INTERNATIONAL PHOTOGRAPHERS OF THE MOTION PICTURE INDUSTRY LOCAL 659 et al.

### Civ. No. 8104.

District Court, S. D. California, Central Division.

May 27, 1948.

Henry B. Ely, of Los Angeles, Cal., for plaintiff.

Bodkin, Breslin & Luddy, of Los Angeles, Cal., for defendants.

J. F. T. O'CONNOR, District Judge.

This is an action by the plaintiff, Curtis Courant, against International Photographers of the Motion Picture Industry Local 659, an unincorporated labor organization, et al. The complaint was filed on April 6, 1948 and amendment filed May 10, 1948.

In his statement of the case, the plaintiff stated the controversy in his brief as follows:

"Plaintiff as an alien with Declaration of Intention on file, and as a citizen, filed his complaint for damages in the above action on the ground that defendants both refused to permit him to work because of their closed shop agreement, and refused to admit him to membership in their unions." There seems to be a contradiction in the statement: plaintiff could not be both an alien with declaration on file, and a citizen. However, the allegation in the complaint is controlling, which states as follows:

" * * * on the 11th day of July, 1947, plaintiff became a citizen of the United States of America and thereafter received his certificate of naturalization from the clerk of the above entitled court; ever since the first day of July, 1941, plaintiff has intended to make his home within the State of California and ever since said date has been a resident of the State of California and intends to make his home in said state permanently * * *."

The plaintiff alleges he complied with all of the rules and regulations of Local 659 in filing his application for membership, and deposited with Local 659 the sum of $250, being one-half of the initiation fee for membership, and, further, obtained the signatures of three members of Local 659, and has done all things required of an applicant for membership. Notwithstanding this compliance, he has been denied membership.

Plaintiff further alleges: "Defendants and members of Local 659, ever since January 1, 1942, have conspired together by the means of the closed shop contracts above referred to and by means of refusing to admit any first cameraman to membership in said union, and by means of the other acts as set forth in this complaint, to monopolize for themselves all positions of first cameramen within the motion picture industry in the State of California; such acts are in violation of the Constitution of California, Article I, and are an unlawful restraint on commerce and trade within the State of California and upon interstate and foreign commerce."

On April 26, 1948 the defendants filed a motion to dismiss the complaint on the following grounds—

"(1) To dismiss the action on the ground that the Court lacks jurisdiction over the subject matter for the reason that jurisdiction is not vested in this Court by the Constitution of the United States, Article 1, Section 8, Article 6, the Fifth Amendment to the Constitution of the United States, the Fourteenth Amendment to the Constitution of the United States; the National Labor Relations Act, 29 U.S.C.A. §§ 151–166, enacted July 5, 1935; Labor Management Relations Act of 1947, 29 U.S.C.A. §§ 141–197, enacted June 23, 1947; the Treaty between the United States and Poland of Friendship, Commerce and Consular Rights, 48 Stat.L. 1507; 28 U.S. C.A. § 41 (1, 8, 12, 13, 14, 17, 23); 8 U.S. C.A. §§ 41, 43, under color of Sections 921–923 Labor Code, State of California, and the laws of the State of California, 8 U.S.C.A. §§ 47, 48; 15 U.S.C.A. § 15); nor by any provision of the Constitution of the United States; nor by any provision of the Statutes or Laws of the United States; nor by any provision of any treaty to which the United States is a party.

"(2) To dismiss the action on the ground that the Court lacks jurisdiction because, as appears from the face of the Complaint, the diversity of citizenship necessary for jurisdiction does not exist.

"(3) To dismiss the action as to The Defendant Local because the Complaint fails to state a claim against said defendant upon which relief can be granted.

"(4) To dismiss the action as to Defendant Aller because the Complaint fails

to state a claim against said defendant upon which relief can be granted.

"(5) To dismiss the action because the Complaint fails to state a claim against The Defendant Local or Defendant Aller, jointly or severally, upon which relief can be granted.

"This motion will be made upon the Complaint on file herein, the Notice of Motion and Points and Authorities in support thereof, and the Affidavit of Defendant Aller, hereto attached, by reference incorporated herein and made a part hereof."

A similar action was filed in this court and decided by Judge Ben Harrison: Schatte et al. v. International Alliance, etc., et al., D.C., 70 F.Supp. 1008, affirmed, 9 Cir., 165 F.2d 216. Petition for Writ of Certiorari denied, 68 S.Ct. 1018.

The motion of defendants to dismiss is granted.

Exception allowed the plaintiff.