**STRAWSER v. READING CO.**

Civ. A. No. 8206.

United States District Court
E. D. Pennsylvania.

Oct. 22, 1948.

Maurice Abrams, of Philadelphia, Pa., for plaintiff.

Frederick H. Knight, Miles W. Kirkpatrick and Morgan, Lewis & Bockius, all of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is an equitable action brought by a former employee of defendant, The Reading Company. The substance of the allegations in the complaint is that plaintiff, Mary Strawser, was laid off by defendant in violation of the terms of a collective bargaining agreement applicable to her and entered into between the Brotherhood of Railroad Trainmen and the defendant. Plaintiff seeks restoration to her rightful position on defendant's seniority list and recompense for her loss of wages. Defendant has filed a motion to dismiss for lack of jurisdiction. The complaint alleges that petitioner and defendant are both citizens of Pennsylvania but that jurisdiction of this suit is conferred by 28 U.S.C.A. § 41(8),[1] which provides that:

"The district courts shall have original jurisdiction as follows: Eighth. Of all suits and proceedings arising under any law regulating commerce."

Plaintiff argues that the Railway Labor Act of 1934, 45 U.S.C.A. § 151 et seq., is a law "regulating commerce" and that this suit arises under it. Defendant, in effect, concedes the first part of this contention but disputes the second.

The question at issue in the instant case has been raised not infrequently in the lower federal courts. Thus, Burke v. Union Pacific Railroad Co., 10 Cir., 129 F.2d 844, involved an action by a yard switchman against the railroad employer for breach of contract as evidenced in rules and regulations agreed to by the Brotherhood and the carrier. The Circuit Court affirmed a dismissal of the complaint for lack of jurisdiction. Similarly, in Shipley v. Pittsburgh and Lake Erie Railroad Co., D.C., 70 F.Supp. 870, 878,

---

[1] In 1948 Revision, 28 U.S.C.A. § 1337.

where railroad employees sued to recover extra compensation under a collective bargaining agreement, the Court said:

"I believe that my position was not well taken in the conclusion which I formerly reached, in holding that the facts in the instant case raise a question under the * * * Railway Labor Act * * * Although the parties to this proceeding were governed by the act, the right of action, if one exists, is based on the alleged breach of a custom which it is alleged should be considered a part of the contract; the cause of action does not arise under the Railway Labor Act but only from the consequent contractual relations of the parties. The wrongful breach of such contractual relations does not confer jurisdiction upon the federal court unless there is a diversity of citizenship and the jurisdictional amount * * *."

Although there are some decisions to the contrary, Primakow v. Railway Express Agency, D.C., 57 F.Supp. 933; Illinois Cent. R. Co. v. Moore, 5 Cir., 112 F.2d 959, reversed on other grounds, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, these would seem to be a minority view. Cf Randolph v. Missouri-Kansas-Texas R Co., D.C., 68 F.Supp. 1007, affirmed 8 Cir., 164 F.2d 4; Southern Railway Co. v. Order of Railway Conductors of America, D.C., 63 F.Supp. 306; Delaware, Lackawanna and Western Railroad Co. v. Slocum, D.C., 56 F.Supp. 634; Barnhart v. Western Maryland R. Co., 4 Cir., 128 F.2d 709; Swartz v. South Buffalo R. Co., D.C., 44 F.Supp. 447.

 The Supreme Court dealt with the applicability of 28 U.S.C.A. § 41(8) in an analogous situation in American Federation of Labor v. Watson, 327 U.S. 582, 66 S.Ct. 761, 765, 90 L.Ed. 873, where the Court said:

"The bill alleges a conflict between the Florida law and the National Labor Relations Act. The theory of the bill is that labor unions, certified as collective bargaining representatives of employees under that Act, are granted as a matter of federal law the right to use the closed-shop agreement or, alternatively, that the right of collective bargaining granted by that Act includes the right to bargain collectively for a closed shop. * * * And since the right asserted is derived from or recognized by a federal law regulating commerce, a majority of the Court conclude that a suit to protect it against impairment by state action is a suit 'arising under' a federal law 'regulating commerce.' Cf. Mulford v. Smith, 307 U.S. 38, 46, 59 S.Ct. 648, 651, 83 L.Ed. 1092; Peyton v. Railway Express Agency, 316 U.S. 350, 62 S.Ct. 1171, 86 L.Ed. 1525; Parker v. Brown, 317 U.S. 341, 349, 63 S.Ct. 307, 312, 87 L.Ed. 315; Tunstall v. Brotherhood [of Locomotive Firemen, and Enginemen], 323 U.S. 210, 213, 65 S.Ct. 235, 237, [89 L.Ed. 187]."

The Tunstall case [323 U.S. 210, 65 S.Ct. 237], cited in that opinion decided that an equitable suit to compel a union bargaining representative to represent the petitioner without discrimination because of race was an action arising under the Railway Labor Act and, therefore, within 28 U.S.C.A. § 41(8). The Court pointed out that "the right asserted by petitioner which is derived from the duty imposed by the Railway Labor Act on the Brotherhood, as bargaining representative, is a federal right implied from the statute and the policy which it has adopted." Under these and the other cited Supreme Court decisions, I feel that the instant suit should fail. I do not reach this conclusion without some misgiving, for I feel that Congress has the constitutional power to regulate in some degree the substance of contracts such as this one, and, short of that, could provide that suits upon them may be brought in the federal courts. Cf. Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq. However, I do not think that the seniority right which plaintiff relies upon in her complaint is a federal right "derived from or recognized by a federal law regulating commerce," like a railway employee's right to union representation without race discrimination, or the right to collective bargaining. Nor does the fact that the Railway Labor Act may have been the source of the authority for the union negotiat-

·ing the contract in the instant case change this conclusion. Cf. Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S. Ct. 96, 81 L.Ed. 70; People of Puerto Rico v. Russell & Co., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903.

Therefore, I would not feel justified in ruling that jurisdiction exists in the face of the majority view on the precise issue in the lower federal courts and the reasoning of the relevant Supreme Court rulings, as I understand them. Cf. also Sun Ship Employees Ass'n v. National Labor Relations Board, 3 Cir., 139 F.2d 744; Schatte v. International Alliance, etc., D.C., 70 F.Supp. 1008, affirmed 9 Cir., 165 F.2d 216. In addition, I feel that such a result might be unwise as well as unjustified, if it in any way encouraged railroad employees to resort to the courts in these cases rather than to the expert administrative machinery set up by the Railway Labor Act. Cf. Kelly v. Nashville, Chattanooga and St. Louis Railway, D.C., 75 F.Supp. 737. Accordingly, therefore, the motion to dismiss for lack of jurisdiction will be granted. Such dismissal, however, shall be without prejudice to petitioner's right to file another complaint sufficiently alleging jurisdiction if some other basis exists. An order will be entered in accordance with this opinion.