## MACKAY v. LOEW'S INCORPORATED.

### No. 8770.

United States District Court
S. D. California, C. D.

May 27, 1949.

Zach Lamar Cobb, Los Angeles, Cal., for plaintiff.

Loeb & Loeb, Los Angeles, Cal., and O'Melveny & Myers, Los Angeles, Cal., for defendant.

HALL, District Judge.

This is a companion case to Schatte v. International Alliance of Theatrical Stage Emp., Number 6063, D.C., 70 F.Supp. 1008; Id., Number 7304, D.C., 84 F. Supp. 669, and Studio Carpenters Local Union v. Loew's Incorporated, Number 8864, D.C., 84 F.Supp. 675, No.

The principal difference is that here the plaintiff, an individual, sues on behalf of himself alone for declaratory relief as to his former employer alone, under the same contracts involved in the above numbered cases.

Diversity of citizenship is present.

Reference is made to the Memorandum filed in No. 7304, and in No. 8864. From them it is seen that the plaintiff is not a proper party to give this court jurisdiction in an action filed under Section 301 of the Act, 29 U.S.C.A. § 185; also, that this court does not have jurisdiction of any claim for relief attempted to be stated under the 5th and 14th Amendments to the U. S. Constitution, the Social Security Act, 42 U.S.C.A. § 301 et seq., the California Unemployment Act, Gen.Laws Cal. Act 8780d, the Civil Rights Act, 8 U.S.C.A. § 41 et seq., or the Anti-Trust Laws.

The defendant bases its motion to dismiss on several grounds. It is unnecessary to pass on all of them as the motion to dismiss must be granted for the reason that it appears that the contract involved expired not later than July 2, 1948, which was several months before the commencement of this action. Declaratory relief will not lie where time for performance has passed. Murphy v. North American Co., D.C.S.D.N.Y., 24 F.Supp. 471, 480.

Plaintiff seeks no damages. Whether or not he can state a cause of action under Section 303 of the Act, 29 U.S.C.A. § 187, need not now be decided. The motion to dismiss will be granted, and the plaintiff may have thirty days to amend.