## STUDIO CARPENTERS LOCAL UNION NO 946 v. LOEW'S INCORPORATED et al.

### No. 8864.

United States District Court
S. D. California, Central Division.

May 27, 1949.

Zack Lamar Cobb, Los Angeles, Cal., for plaintiff.

Bodkin, Breslin & Luddy, Los Angeles, Cal. for defendants the I.A.T.S.E. and Brewer.

O'Melveny & Myers, Los Angeles, Cal., for defendant Motion Picture Companies.

HALL, District Judge.

This is a companion case to Schatte v. International Alliance of Theatrical Stage Emp., No. 6063, D.C., 70 F.Supp. 1008; Id., No. 7304 D.C., 84 F.Supp. 669, and Mackay v. Loews Incorporated, § No. 8770, D.C., 84 F.Supp. 676.

For all practical purposes the allegations of the complaint in this case are identical with those in the complaint considered in 7304, except that in this case there is no attempt to state separate causes of action. All the allegations are contained here in one cause of action. The parties defendant are the same. The difference lies in the fact that here the Union (Carpenter's Local 946) of which the plaintiffs in Number 7304 were members, is the only party plaintiff, and this is designated a complaint for declaratory relief, instead

676 ·

of a complaint for damages as in No. 7304. The prayer is couched for specific declaratory relief, and for such other and further "declaratory" relief as is deemed proper.

What was said in my Memorandum in No. 7304, and in Judge Harrison's opinion in Schatte v. International Alliance of Theatrical Stage Emp., D.C., 70 F.Supp. 1008, with relation to the allegations concerning asserted violations of civil rights, the Fifth and Fourteenth Amendments of the U. S. Constitution, the Social Security Act, 42 U.S.C.A. § 301 et seq., and the Antitrust Laws, applies with equal force to the complaint in this case.

The first question to be disposed of is whether or not the Taft-Hartley Act in Secs. 301 and 303, 29 U.S.C. §§ 185, 187, authorize a suit by a Union for declaratory relief.

Diversity of citizenship not being present, the complaint does not state a claim for relief under Section 303. That matter is more fully discussed in the Memorandum filed in 7304, and will not be here repeated.

The plaintiffs being a "labor organization" are appropriate parties plaintiff under Sec. 301.

The defendants contend that the suits authorized under Section 301 of the Act are limited to suits for damages, and cite United Packing House Workers v. Wilson & Co., D.C., 80 F.Supp. 563. I cannot agree with that narrow construction of Section 301. The statement to that effect in United Packing House Workers v. Wilson & Co., supra, appears arguendo in a discussion to the effect that the injunction there asked was not authorized by Section 301. It is thus dicta. Had Congress intended that the suits authorized by Sec. 301 should have been only suits for damages, it would have been a simple thing to have included that word in the language of the Section. There is no doubt that the language used in Sec. 301 includes suits for damages, but does not exclude a suit for declaratory relief if the complaint in such a suit is not otherwise fatally defective.

In view of the holdings above mentioned concerning Civil Rights, the Social Security Act, the Antitrust Laws, the Fifth and Fourteenth Amendments to the U. S. Constitution, and the conclusions in No. 7304 and herein set forth, it would be in the interest of time-saving and generally more appropriate to allow the plaintiff to amend before attempting to pass on the other contentions of the defendant.

Whether or not the plaintiff can spell out a cause of action which will invoke the jurisdiction of this court for declaratory relief in an amended complaint will have to be determined from the allegations which the plaintiff may then make. Whether or not a complaint for declaratory relief can be joined with a complaint for damages under Section 301 will likewise have to be determined if the plaintiff then attempts to do so.

The motion to dismiss will be granted with thirty days for the plaintiff to amend, if it desires to do so. If the plaintiff does not desire to amend, but to stand on its present complaint, it may notice the present motions to dismiss for re-hearing within that time.