HUSTINA *v.* GRAND TRUNK WESTERN RAILROAD CO.

1. APPEAL AND ERROR—COURT RULES—NOTICE OF APPEAL—RELIEF AVAILABLE.

   On appeal in suit for specific performance of railroad company's covenant in deed to right of way across plaintiff's platted lot to provide a farm crossing with gates, where trial court denied any relief because of plaintiffs' laches, failure to sustain burden of proving they were entitled to a crossing because of deed or by way of necessity and portion of plaintiffs' land across defendant's right of way was landlocked by property belonging to others, court rule by which Supreme Court may give any relief which ought to have been given whether mentioned in the notice of appeal or not is applied (Court Rule No. 72, § 1, subd. [g] [1933]).

2. SAME—QUESTIONS REVIEWABLE—SUA SPONTE—CONSTRUCTION OF DEED.

   Deed out of which arose rights of parties incident to establishment of farm crossing over railroad right of way is construed by Supreme Court *sua sponte* where necessary to determine matter before the court and neither party has suggested it.

3. CONTRACTS—INTENT.

   In construing a contract the intention of the parties, if not forbidden by law, is to be effectuated.

---

As to former adjudication generally, see Restatement, Judgments, chap. 3, and what claims are extinguished by judgment, see particularly, §§ 61–67.

Discretionary character of specific performance relief, see 2 Restatement, Contracts, § 359.

4. SAME—AMBIGUITIES.

When the language of a contract is susceptible of more than one interpretation, the courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties, and the subject matter of the instrument.

5. DEEDS—RAILROAD RIGHT OF WAY—FARM CROSSING—RESERVATION OF EASEMENT.

Under deed of railroad right of way which bisected plaintiffs' platted lot, containing provision that railroad was to provide grantors with one farm crossing with gates and necessary sewer pipe to carry off water, an easement of way from and to rear portion of lot, otherwise landlocked, was intended to be reserved.

6. EASEMENTS—RESERVATION—ABANDONMENT.

An easement reserved across railroad right of way which bisected a platted lot was not lost by mere nonuser in the absence of proof of clear and decisive act of dominant owner showing intention to abandon and release such right.

7. SAME—RULE AS TO IMPLIED RESERVATION.

Rule that an easement will be impliedly reserved only when strictly necessary is inapplicable when deed granting railroad right of way which bisected plaintiffs' lot is construed as having intended to reserve an easement of way from and to the rear portion of the lot otherwise landlocked.

8. JUDGMENT—RES JUDICATA AS TO WHOLE CASE.

Where a matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to bring forward their whole case and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in contest, but was omitted through negligence, inadvertence or accident.

9. SAME—RES JUDICATA APPLICABLE TO MATTERS NOT BROUGHT FORWARD.

The plea of *res judicata* applies, except in special cases, not only to points as to which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation and which the parties exercising reasonable diligence, might have brought forward at the time.

10. SAME—RES JUDICATA—INJUNCTION.

Decree for plaintiff in suit to restrain title holders of a platted lot, bisected by a railroad right of way but in the grant of which there had been reserved to grantors an easement of way between the two parts, from interfering with fence on the railroad right of way was not *res judicata* of lot owner's right to crossing where sole inquiry in injunction proceedings was confined to destruction of fences and unauthorized use of right of way and easement of way, question was not there passed upon by trial judge, and if easement of way is not preserved, back portion of lot, landlocked by other privately owned properties, would remain inaccessible and useless.

11. EQUITY—SPECIFIC PERFORMANCE—FARM CROSSING OVER RAILROAD RIGHT OF WAY—LACHES—COST.

While specific performance of railroad's covenant to provide a farm crossing over its right of way with gates is denied because of failure on part of plaintiffs and their predecessors in title to seek enforcement thereof within a reasonable time, where plaintiffs are entitled to an easement of way over the railroad's right of way, the railroad may not be required to bear cost of providing such crossing.

12. SPECIFIC PERFORMANCE—LACHES—EASEMENTS.

Specific performance is not a matter of right but a matter of grace and is denied where dominant owners of an easement of way over railroad right of way and their predecessors are guilty of laches in not attempting to enforce covenant for 60 years.

Appeal from Oakland; Golden (Clayton C.), J., presiding. Submitted October 14, 1942. (Docket No. 93, Calendar No. 42,043.) Decided December 23, 1942.

Bill by George and Anna Hustina against Grand Trunk Western Railroad Company, a corporation, to compel defendant to erect and maintain a farm crossing on plaintiffs' property and to establish an easement. Bill dismissed. Plaintiffs appeal. Reversed.

*Keeling, Bogue & Huthwaite,* for plaintiffs.

*H. V. Spike* and *Frederick V. Slocum* (*Patterson & Patterson,* of counsel), for defendant.

BUSHNELL, J. Plaintiffs George Hustina and Anna, his wife, are the owners in fee simple of certain land located in the city of Pontiac, described as Lot No. 4 of Stephen Baldwin's Addition to the city of Pontiac, according to the plat of a part of the east half of the northeast quarter of section 32, lying east of the Clinton river, Oakland county, Michigan. They obtained title to the premises by warranty deed in 1917 from Emma Nisbett, who had owned the property since 1913. Her predecessor in title, Thomas J. Peach, had conveyed to the Toledo, Ann Arbor & North Eastern Railroad Company a strip of land 100 feet wide along the line of the grantee's railroad, which bisected the lot in question. The Peach deed to the railroad, dated in 1880, contains this language:

"And the said company is to provide the parties of the first part with one farm crossing with gates and also to put in all necessary sewer pipe to carry off the water."

No reference to the crossing appears in the deed from Peach to Nisbett, but the Nisbett deed to the Hustinas refers to the right of way in this manner:

"Also, excepting from said description the right of way and the land used by the Air Line Railroad, so-called."

The Michigan Air Line Railway, predecessor of the present defendant Grand Trunk Western Railroad Company, instituted ejectment proceedings in 1919 against the Hustinas because of a fence erected about 1890, some 25 feet from the center of the track. Judgment for the railroad was affirmed in 1931 in *Michigan Air Line Railway* v. *Hustina,* 255

Mich. 418, on the ground that the Hustinas had not acquired title by adverse possession.

In 1933 the present defendant filed a bill in equity against the Hustinas and obtained a decree in 1934 restraining them from interfering with the fence on the railroad's right of way, and "from asserting or exercising any rights of ownership or rights of possession over any part of said right of way, and from trespassing upon or encroaching upon the said right of way of plaintiff, or any part thereof, and from impeding and interfering with plaintiff's business and operation as a common carrier by railroad in any manner whatsoever."

The decree was entered without prejudice to the defendants' right to file an application for the establishment of a farm crossing over the railroad's right of way.

In 1935 the Hustinas applied to the Michigan public utilities commission for an order requiring the railroad to construct either a farm or private crossing, under the provisions of 2 Comp. Laws 1929, § 11183 (Stat. Ann. § 22.274). The commission held that the lot containing about 4 acres of unfenced land, and only partly tillable, was "not, in the most liberal interpretation of that word, a farm," and, because of this, the commission said it was without authority to order the construction of a farm crossing. In regard to the private crossing, the commission, relying on *People* v. *Railway Co.*, 79 Mich. 471 (7 L. R. A. 717), held that, since there was no statute in 1880 requiring the construction of such crossing, such construction could not be ordered now.

The equitable proceedings now before us for review were instituted in 1940, on the theory that plaintiffs are deprived of the use and enjoyment of their property because of the conceded failure of either railroad to comply with the covenant in the

deed for a farm crossing, the plaintiffs asking for specific performance of this covenant. Plaintiffs also claim a way of necessity.

In its defense the railroad claims that, because of the injunction proceedings of 1934, the present issues are *res judicata* and that plaintiffs are barred by laches and the statute of limitations.[*]

After the taking of proofs the trial judge held that plaintiffs were guilty of laches and that the litigation of 1934 adjudicated the claims in the present case and plaintiffs had failed to sustain the burden of proving that they were entitled to a crossing because of the provision of the deed or by way of necessity. The trial judge also found that plaintiffs failed to show that the defendant railroad company had agreed to provide them with a crossing in consideration of the settlement of the 1934 injunction proceedings.

Under the provisions of Court Rule No. 72, § 1, subd. (g), (1933), as amended, we may:

"Give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, whether mentioned in the notice of appeal or not, as the case may require."

The situation before us is one in which this rule should be invoked.

Although neither party has suggested that we construe the provisions of the deed to the railroad company, in order to determine the matter, we shall do so *sua sponte*.

" 'It is a cardinal rule in the construction of contracts that the intention of the parties is to be inquired into, and, if not forbidden by law, is to be effectuated. Too much regard is not to be had to the

---

[*] See 3 Comp. Laws 1929, § 13964 (Stat. Ann. § 27.593).—Reporter.

proper and exact signification of words and sentences, so as to prevent the simple intention of the parties from taking effect. And whenever the language used is susceptible of more than one interpretation, the courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties, and the subject matter of the instrument.' " *Smith* v. *Smith*, 71 Mich. 633, 639.

We are satisfied from the language of the deed as quoted and the surrounding circumstances that the parties to the deed fully intended that there should be a reservation of an easement of way from and to the rear portion of Lot 4 across the railroad's right of way. Such easement was not lost by mere nonuser, and there is no proof of any clear and decisive act of the dominant owner showing an intention to abandon and release this easement right. *Goodman* v. *Brenner*, 219 Mich. 55; *Greve* v. *Caron*, 233 Mich. 261; *First National Trust & Savings Bank* v. *Smith*, 284 Mich. 579 (116 A. L. R. 1074). See, also, annotations in 66 A. L. R. at page 1099.

The rule regarding implied reservation of easements, as discussed in *Brown* v. *Fuller*, 165 Mich. 162 (33 L. R. A. [N. S.] 459, Ann. Cas. 1912 C, 853; *Bubser* v. *Ranguette*, 269 Mich. 388; and *Burling* v. *Leiter*, 272 Mich. 448 (100 A. L. R. 1312), does not apply to the instant case, because, by construction, an easement was reserved in this deed.

Plaintiffs' right to an easement is not barred by the doctrine of *res judicata* because this case comes within the exception to the general rule as stated in *McDannel* v. *Black*, 270 Mich. 305. The court there adopted the language of *Henderson* v. *Henderson*, 3 Hare, 100 (67 Eng. Rep. 313), as follows:

" 'In trying this question, I believe I state the rule of the court correctly, when I say, that where a given matter becomes the subject of litigation in,

and of adjudication by, a court of competent juris-
diction, the court requires the parties to bring for-
ward their whole case, and will not (except under
special circumstances) permit the same parties to
open the same subject of litigation in respect of
matter which might have been brought forward as
part of the subject in contest, but which was not
brought forward, only because they have, from neg-
ligence, inadvertence, or even accident, omitted part
of their case. The plea of *res judicata* applies, ex-
cept in special cases, not only to points upon which
the court was actually required by the parties to
form an opinion and pronounce a judgment, but to
every point which properly belonged to the subject
of litigation, and which the parties exercising rea-
sonable diligence, might have brought forward at
the time.' "

This case comes within the exception to the rule.
The special circumstances are that the inquiry in the
injunction proceedings was confined to the destruc-
tion of the fences and the unauthorized use of the
right of way. Judge Gillespie, who heard the in-
junction proceedings, testified that, according to his
best recollection, the crossing was discussed, but he
did not pass upon that question because it was not
directly before him. See *Bond* v. *Markstrum,* 102
Mich. 11. In addition, since this is an appeal in
equity, we should not permit the rear portion of
plaintiffs' property, which the testimony shows to
be landlocked by other privately owned properties,
to remain inaccessible and, consequently, useless.

Specific performance of the covenant to provide a
crossing must be denied because of plaintiffs' and
their predecessor's failure to seek enforcement of
this covenant within a reasonable time. *Brow* v.
*Gibraltar Land Co.,* 249 Mich. 662. Plaintiffs and
their predecessor in title are guilty of laches in not
attempting to enforce the covenant for a period of

nearly 60 years. Specific performance is not a matter of right but a matter of grace. *MacGlashan* v. *Harper*, 299 Mich. 662.

Plaintiffs are entitled to an easement of way to the rear of their property across the railroad's right of way, but defendant should not be required to bear the cost of providing such crossing.

The decree is vacated and one may be entered here in conformity with this opinion, with costs to appellants.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred. BOYLES, J., did not sit.