84 F.Supp. 669 (1949)
SCHATTE et al.
v.
INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF UNITED STATES AND CANADA et al.
No. 7304.
United States District Court S. D. California, Central Division.
May 27, 1949.
*670 *671 Zach Lamar Cobb, Los Angeles, Cal., for plaintiffs.
O'Melveney & Myers, Los Angeles, Cal., for defendant Motion Picture Companies.
Bodkin, Breslin & Luddy, Los Angeles, Cal., for defendants I. A. T. S. E. et al.
HALL, District Judge.
The plaintiffs, individuals, are members of Carpenters Union Local 946, suing herein for damages. They sue as a class, as did some of the same individuals in case No. 6063 of this Court, decided by Judge Harrison on February 25th, 1947, Schatte v. International Alliance of Theatrical Stage Emp., D.C., 70 F.Supp. 1008, affirmed percuriam without opinion, 9 Cir., 1948, 165 F.2d 216, certiorari denied 1948, 334 U.S. 812, 68 S.Ct. 1018, 92 L.Ed. 1743. The Union is not a party to either action.
The plaintiffs being members of the same class as in case No. 6063, are bound by the doctrine of res judicata under the decision in No. 6063, as to all matters adjudicated therein which are likewise involved in this case. Gregg v. Winchester, 9 Cir., 173 F.2d 512. Even if that were not so, the reasoned force of Judge Harrison's opinion would compel concurrence therein.
In case 6063, the thing involved was alleged to be the "right to work for wages"; here it is alleged to be not only that "right" but also, the "right to bargain collectively under Section 7 of the National Labor Relations Act as re-enacted in Section 7 of the Labor-Management Relations Act of 1947 [29 U.S.C.A. § 157]", as the complaint now reads after amendment by consent on the day of the argument. The value of such rights is asserted to be worth in excess of the jurisdictional amount of Three Thousand Dollars, as to each plaintiff.
Insofar as any claim for relief could be ferreted out of the 69 page printed complaint, under the Civil Rights Act, 8 U.S.C.A. § 41 et seq., the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and the 5th and 14th Amendments of the Constitution, which might arise from their "right to work", nothing more need be said than to refer to Judge Harrison's opinion.
It is first necessary to determine whether or not the additional allegations above mentioned confer jurisdiction not existing under the "right to work" allegations disposed of by Judge Harrison's opinion. I cannot see that they do. The deprivation of the right to bargain collectively is an unfair labor practice. 29 U.S. *672 C.A. § 158(a) (1); Sec. 8, Wagner Act, Id., Taft-Hartley Act. The exclusive power to prevent unfair labor practices is given to the Board, 29 U.S.C.A. § 160(a), Section 10, Wagner Act, Id., Taft-Hartley Act, and right of review lies not in this Court, but in United States Court of Appeals, Id. subdivision (2). See Amalgamated Workers v. Consolidated Edison Co., 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738; Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 167 F.2d 183; United Electrical Radio & Machine Workers, etc. v. International Brotherhood, etc., 2 Cir., 115 F.2d 488. This leads to the conclusions that the plaintiffs have in fact by said additional allegations removed any doubt as to the lack of jurisdiction of this court as to the first asserted cause of action, unless plaintiffs right to sue in this court exists under either Section 301 or 303(b) of the Taft-Hartley Act, 29 U.S.C.A. §§ 185, 187(b).
Section 303(b) in its first clause is a broad grant of jurisdiction to any District Court for determination of injuries to anyone  organization or individual,  regardless of amount, for injury to his or its business or property which may result from acts committed in violation of Section 303(a). That grant of jurisdiction is however limited by the condition expressly contained in subdivision (b) that it is "subject to the limitations and provisions of section 301 hereof."
Whatever else may be said (and a great deal has been said in scores of pages of briefs and more than three full days of argument), any right of recovery under Section 301 must rest upon a contract and its asserted violation. The whole Act relates to labor contracts, hence it must be a contract contemplated by the Act, i. e., a collective bargaining contract or contract relating to fair or unfair labor practices. If this were not otherwise clear it is made so by the language of Sec. 301, as it refers to "contracts between an employer and a labor organization representing employees * * * or between any such labor organizations". And the plaintiffs have set up or attempted to set up contracts between various labor organizations and employers. The question for decision then is whether or not jurisdiction of "suits for violation" of such contracts are limited to the employer and labor organizations, only, as parties, or may be brought in this court by individual members of a labor organization which is a party to a contract with an employer or with another labor organization.
The paucity of precedent permits recourse only to the language of the Statute and the legislative history, in the decision of that question. Without reciting the legislative history, I think it is plain from it that Congress did not intend to grant jurisdiction to the District Court, without regard to amount or diversity of citizenship, of every suit in which an individual member of any union might wish to assert a violation of a labor contract, whether the contract be between an employer and a labor organization, or between labor organizations. To have done so would be to have placed upon the District Court a staggering burden of litigation without the incidental provisions for additional Judges, other personnel, and the court rooms to try them. The legislative history indicates to me beyond dispute that the intention of Congress by Section 301 was to provide a forum, other than the street, for settlement of asserted violations of labor contracts by law suits, the parties to which could only be the parties to the contract involved, i. e., either the employer or the labor organization. And that it was intended that the labor organization alone could speak as a party to the suit on behalf of the employees it represented as a party to the contract. This conclusion is further borne out by the language of subdivision (c) of Sec. 301, which reads:
"(c) For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members." (Italics supplied.)
The provisions of subdivision (b) of 301 relating to suits by or against labor organizations *673 and the effect of judgments in such suits, while couched in permissive language instead of mandatory, did no more than to eliminate the confusion which existed concerning the right of a union to sue and be sued and the like, because of the various state laws under which a union might have been organized, and particularly to eliminate the fear that an individual member might be personally liable for the wrongs committed by his union in asserted violation of a contract. Without such permissive language, it could have been argued that 301(a) did not give a labor organization a right to sue or be sued except under the law of the State of its existence, or where it was doing business. And the same would be true as to the effect of judgments, service of process venue, acts of agents, and things covered by the remainder of Section 303. United Packing House Workers, etc., v. Wilson & Co., D.C., 80 F.Supp. 563, 568.
The plaintiffs contend that in any event they are appropriately parties plaintiff under Rule 23, Federal Rules of Civil Procedure, 28 U.S.C.A., relating to class suits. Whether they do or could qualify under that rule is not necessary to determine as the provisions of Sec. 301 are inconsistent with Rule 23, Federal Rules of Civil Procedure, and must therefore prevail. Sec. 301 is a special and limited grant of jurisdiction which must be strictly construed. This is especially so in the light of the history of legislation dealing with labor relations and disputes such as the Clayton Act, 15 U.S.C.A. § 17, the Norris-La Guardia Act, 29 U.S.C.A. § 101 et seq., the Wagner Act, 29 U.S.C.A. § 151 et seq., and the Act under consideration.
I conclude, therefore, that Sec. 301 does not give the plaintiffs as individual members of a union the right to sue in asserted violation of the contracts involved, whether their union was or was not a direct party to such contracts.
Coming now to the question as to whether or not Sec. 303(b), without reference to Sec. 301, grants jurisdiction to the District Court of a right of action under Sec. 303 (a), if any exists, in the plaintiffs as against the defendant I. A. T. S. E., and the individuals who are labor organization officials. Without determining whether or not the plaintiffs could be proper party plaintiffs in any action against I. A. T. S. E. in this or any other court, i. e. if they could state a cause of action for violation of Sec. 303(a), it seems clear to me that this court was not granted jurisdiction. It is noted in Section 301(a) that the grant of jurisdiction therein contained was "without respect to the amount in controversy or without regard to the citizenship of the parties." And that the grant of jurisdiction in 303(b) is only "without respect to the amount in controversy" and that nothing is said with regard to the citizenship of the parties. In an act as controversial as the Taft-Hartley Act, it can hardly be supposed that such an omission of a jurisdictional grant was an oversight, and that rules of statutory construction can be strained to the point of reading it into Sec. 303(b). This is particularly so in light of the history of so-called "labor" legislation, to which allusion was previously made.
Furthermore, it is logical that Congress in giving limited jurisdiction to the District Courts in suits between the unions themselves and employers by Sec. 301, should have let the bars of jurisdiction down as to both amount and diversity of citizenship because the number of suits that can get into the District Courts thereunder is limited to the formal parties to contracts. But the right of action granted in Sec. 303(b) is much broader than the right of action under 301. Under Section 303 "Whoever shall be injured" in his business or property may sue, if such injury is the result of any act committed in violation of Sec. 303(a) without regard to the existence or non-existence of any contract. Conceivably any person whether a party to a labor contract or not, might be injured by the acts proscribed in Sec. 303(a).
The parties to suits under 301 are limited to actual parties to contracts, but the persons who might be injured by the practices proscribed by 306(b) would not be so limited. It is thus logical that Congress should have required the diversity of citizenship set forth in Section 1332 of Title 28 U.S.C.A. as an additional jurisdictional *674 prerequisite for actions under Sec. 303(b).
The "limitations and provisions" of Sec. 301 which are adopted by reference in Sec. 303(b) have reference to the "limitations and provisions" which are not in conflict with the specific language of Sec. 303. Thus the provisions of subdivision (b), (c), (d) and (e) of Sec. 301 relating to acts of agents of unions, suits of a union as an entity, non-enforcibility of judgments against the property of individual members, jurisdiction in districts where the union has its principal office or where its agents are engaged in the business of the union, and service of legal process, would appear to apply to suits brought under Sec. 303(b). But the lack of diversity under Section 303(b) cannot be supplied by such reference to "limitations and provisions" of Sec. 301, in view of the omission of any such provision concerning diversity in Sec. 303(b).
No such diversity being alleged as to said defendants, this court does not have jurisdiction of any cause of action which the plaintiffs have attempted to assert against the defendant I. A. T. S. E. and said individuals.
The defendant employers take the position that Sec. 303(b) does not confer any jurisdiction on this court for the reason that Sec. 303 confers jurisdiction only for actions against "labor organizations." It is not necessary to decide that question here. It would seem to me to be improper to do so, for the reason that employers and labor organizations might conceivably be liable for concert of action between them, and that question should be decided by a court which would have jurisdiction to try and to decide such a case.
This court lacks jurisdiction of the defendant employers for another reason. Under Section 1332 of the new Title 28 U.S.C.A. the court has jurisdiction only of actions between citizens of different states or of foreign states. I do not think the language of Sec. 1332 of Title 28 needs any clarification. But if there is any doubt that it means that the diversity must exist as to all parties, either plaintiff or defendant, then that doubt is eliminated by reference to the removal statutes. It is logical that this court has no greater jurisdiction of a case originally filed in this court, than a case which is attempted to be removed to this court. The language of the previous judicial code limiting removal to controversies which are "wholly between citizens of different States" (Sec. 71 of former Title 28 U.S.C.A.) has been changed and made even stronger by the provisions of Sec. 1441(b) of the new Title 28 U.S.C.A. which provides that an action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" (italics supplied.) It does not appear from the complaint that none of the parties defendant is a citizen of California. Hence there is no jurisdiction in this court under Sec. 303 of any cause of action attempted to be stated against the defendant employers.
What has heretofore been said applies with equal force to the so-called second cause of action.
I indicated from the bench during argument (Tr. 251) that the third cause of action should be dismissed for the reason that the facts attempted to be set out in it did not show any asserted denial of civil rights by any State Government, or under any color of the law of any State, and that no claim for relief was stated under the Social Security Act, 42 U.S.C.A. § 301 et seq., or the California unemployment Act, Gen.Laws Cal. Act 8780d. (See cases cited in Judge Harrison's Opinion, supra, on that point.) I adhere to that conclusion, but add that this court lacks jurisdiction of the third cause of action for lack of diversity.
I likewise adhere to the conclusion announced at the same time that the fourth cause of action brought under the Anti-trust Laws, 15 U.S.C.A. § 15, does not state a claim for relief for the reason that the allegations of possible injury to the plaintiffs, to the effect that the acts of defendant will increase the cost of making motion pictures, which increase will in turn cause an increase in the price of admission to motion-picture theaters to be paid by the plaintiffs, if, as, and when they *675 may want to attend a theater, are so nebulous, remote, speculative and conjectural as to form no basis for a claim for relief.
The motions to dismiss are granted. In view of the fact that the complaint has now been amended three times, and that the decision in case No. 6063 supra, is now final, the dismissal will be without leave to amend.