**UNITED AUTOMOBILE WORKERS AMALGAMATED LOCAL No. 286**

v.

**WILSON ATHLETIC GOODS MFG. CO., Inc.**

No. 49 C 1533.

United States District Court, N. D. Illinois, E. D.

June 21, 1950.

S. G. Lippman, Chicago, Ill., for plaintiff.

Richard C. Winkler and John L. Cockrill, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

Plaintiff brings this action under Section 301(a), 29 U.S.C.A. 185, of the Labor Management Act of 1947. The complaint alleges that plaintiff is a voluntary labor organization and that a collective bargaining agreement exists between plaintiff and defendant, the terms of which have been violated by defendant's failure to grant certain employees paid vacations, and that said violation constitutes a breach of the contract.

Defendant moves to dismiss the complaint on the following grounds:

(1) The Court lacks jurisdiction for the reason that the National Labor Relations Board has exclusive jurisdiction and, furthermore, that plaintiff has not exhausted its administrative remedies before such Board.

(2) Failure to comply with Rule 17 (a) and (b) of the Federal Rules, 28 U. S.C.A.

(3) Failure to comply with Rule 23 of the Federal Rules.

(4) Failure to file the non-communist affidavits required in Section 9 of the Act, 29 U.S.C.A. § 159.

(5) Lack of diversity of citizenship and jurisdictional amount.

(6) Failure to state a claim upon which relief can be granted.

■ Defendant's contentions are untenable and the motion to dismiss must be denied. Quite clearly, the complaint states a claim upon which relief can be granted. This is a contract action and not a labor dispute within the exclusive jurisdiction of the N.L.R.B. The right of action is expressly granted in Section 301(a) of the Act:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C.A. 185.

Defendant relies strongly on the case of Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 167 F.2d 183, but that case is clearly distinguishable. There the union was seeking an injunction against defendant's unfair labor practice in refusing to bargain. Obviously, the N.L.R.B. was the proper tribunal in such a dispute, but here no more than a simple breach of contract is involved, and falls within the language of the Act.

■■ Neither Rule 17 nor Rule 23 is applicable here. Section 301, supra, grants the right of action to the union and not to the employee. In the face of such a grant, it would be improper for the employees to bring the action in their own names. Similarly, the language of Section 301 excludes the necessity of diversity of citizenship and jurisdictional amount.

■ Furthermore, the union is not required to file the non-Communist affidavits in an action of this type. This requirement is designed merely to deny the facilities of the N.L.R.B. to non-complying petitioners, and nowhere in the Act is it set forth as a prerequisite for court action. This view is confirmed in the case of United Steel Workers of America v. Shakespeare Co., D.C.Mich., 84 F.Supp. 267, 272:

"Defendants' contention in their motion to dismiss, that the court is without jurisdiction for the reason that the plaintiffs failed to comply with Section 9(h) of the Labor Management Relations Act, 29 U.S. C.A. § 159(h), relative to the filing of an anti-communist affidavit, is without merit for the reason that Section 9(h) of the Act requires such an affidavit only as a condition.

precedent to proceedings before the National Labor Relations Board. * * *"

For the foregoing reasons, defendant's motion to dismiss the complaint is hereby denied.