**LOCAL 793 UAW–CIO**
v.
**AUTO SPECIALTIES MFG. CO.**
Civ. No. 1390.

United States District Court,
W. D. Michigan, S. D.

Feb. 5, 1951.

Rothe, Marston, Edwards & Bohn and D. Charles Marston, Detroit, Mich., for plaintiff.

Harvey & Fisher and Vance E. Fisher, Benton Harbor, Mich., for defendant.

STARR, District Judge.

The plaintiff, Local 793 UAW–CIO, is a labor organization affiliated with the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, a voluntary unincorporated association. The plaintiff has its principal office in St. Joseph, Michigan, within this judicial district. The defendant, Auto Specialties Manufacturing Company, is a Michigan corporation, engaged in industry affecting commerce within the meaning of the Labor Management Relations Act, 1947, as amended, 29 U.S.C.A. § 141 et seq., and the defendant has factories in and is doing business in St. Joseph, Michigan, and Hartford, Michigan. It appears that the plaintiff is the certified bargaining agent

for the employees of defendant in its plants in both St. Joseph and Hartford.

On September 19, 1949, the plaintiff filed complaint in behalf of certain named employees of defendant, who were members of the plaintiff union, and other employees similarly situated, to collect for said employees holiday pay for Christmas day, December 25, 1948, and New Year's day, January 1, 1949, the aggregate amount of which pay was alleged to exceed $16,549.93. The plaintiff based its claim for holiday pay for said employees on a contract dated April 28, 1947, between the plaintiff and the defendant relating to employees in defendant's St. Joseph plant, and a like contract dated March 8, 1948, relating to employees in defendant's Hartford plant. By stipulation of the parties plaintiff on January 19, 1950, filed an amendment of paragraph 4 of its complaint. The defendant filed answer to the original complaint and also answer to the amendment thereof, denying all liability to plaintiff and to members of plaintiff union, who were employees of the defendant. However, in its answer the defendant expressly reserved the right to move to dismiss the complaint, and if its motion to dismiss was denied, to then move to strike certain allegations from the complaint.

In pursuance of that reservation by the defendant, on August 5, 1950, it filed a motion to dismiss the complaint, on the ground that the action was not prosecuted in the name of the real party in interest; that the plaintiff was not a proper party plaintiff and had no right or authority to prosecute the action, either in its own behalf or on behalf of its members; and that the complaint did not state or set forth a valid or legal cause of action in favor of the plaintiff. On the same date the defendant also filed a motion to strike certain portions of paragraphs 4 and 5 of the complaint as amended, and to strike exhibit C–1 attached to the amended complaint, on the ground that the exhibit and the allegations of the challenged portions of the complaint as amended were wholly irrelevant and immaterial with respect to any issues between the parties, and that no competent evidence would be admissible on the trial with respect to said allegations and exhibit.

The present dispute and defendant's two motions arise out of conflicting interpretations which the plaintiff union and the defendant company seek to give to certain clauses or provisions of the two labor contracts between the parties here in question. These clauses, which are the same in both contracts, concern the holiday-pay provisions.

The plaintiff contends that the provisions of the two contracts here in question relating to holiday pay were copied from or modeled after a similar provision in a certain contract between General Motors Corporation and the United Automobile, Aircraft and Agricultural Implement Workers of America, CIO, and that plaintiff and defendant orally agreed that the provisions of the two contracts here in question relating to holiday pay should be construed and interpreted in the same way that the General Motors—UAW–CIO contract was interpreted, performed, and carried out. The plaintiff union claims that the General Motors—UAW–CIO contract was so construed and interpreted that General Motors was obligated to pay and did pay a large number of its employees holiday pay for Christmas day, 1948, and New Year's day, 1949. On the other hand, the defendant company denies the plaintiff's contentions as to how the two contracts here in question should be interpreted in regard to holiday pay, and contends that under a proper construction of the holiday-pay provisions of the contracts, it is not obligated to make payments of holiday pay for the holidays mentioned to its employees who are members of the plaintiff union.

I will restate the precise questions presented by defendant's motion to dismiss the complaint, and by its motion to strike.

The defendant first contends that the plaintiff's complaint should be dismissed because (1) it does not set forth a cause of action; and (2) that the plaintiff union has no right or authority to prosecute this action because it is not the real party in interest or a party authorized by statute as required by Rule 17 of the Federal Rules of Civil Procedure, 28 U.S.C.A. These two contentions overlap, as both raise but one primary question— that is, is the plaintiff union a proper party to maintain an action for money alleged to be due its members as a result of the alleged violation of certain provisions of the two contracts between the parties? The defendant further contends that if its motion to dismiss the complaint is denied, then those portions of the complaint and the amendment thereof and exhibit C–1 attached, relating to the holiday-pay provisions of the General Motors— UAW–CIO contract, should be stricken on the ground that they are wholly irrelevant and immaterial to any issues involved in this case.

I shall first discuss the defendant's motion to dismiss the complaint.

In considering a motion to dismiss, the court must assume the truth of all material and well pleaded allegations of fact. Rule 17(b) as amended of the Federal Rules of Civil Procedure provides in part:

"The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against

it a substantive right existing under the Constitution or laws of the United States".

The plaintiff union is an unincorporated voluntary association, and Comp.Laws Mich.1948, § 612.12, expressly provides that an unincorporated voluntary association, formed in this State or transacting business in this State, or maintaining an office or place of business in this State, may sue or be sued. Furthermore, under § 301(b) of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 185(b), a labor union acting in behalf of the employees whom it represents may sue or be sued in the courts of the United States. That section provides in part:

"Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States."

In Schatte v. International Alliance of Theatrical Stage Employees, D.C., 84 F. Supp. 669, at pages 672, 673, the court, in discussing § 301(b) of the Labor Management Relations Act, 1947, quoted above, said:

"The provisions of subdivision (b) of 301 relating to suits by or against labor organizations * * * did no more than to eliminate the confusion which existed concerning the right of a union to sue and be sued and the like, because of the various state laws under which a union might have been organized. * * * Without such permissive language, it could have been argued that 301 (a) did not give a labor organization a right to sue or be sued except under the law of the State of its existence, or where it was doing business."

In the case of United Packing House Workers of America v. Wilson & Co., Inc., D.C., 80 F.Supp. 563, at pages 568, 570, in considering the provisions of the Labor Management Relations Act, 1947, the court said:

"The purpose and effect of subsection (a) (of § 301) is to confer on the District Courts jurisdiction in suits for damages between employers and labor organizations for violation of contracts. * * *

"If the plaintiff can plead and establish a claim for damages growing out of a breach of its contract, Sec. 301(a) of the Labor Management Relations Act of 1947 confers jurisdiction upon this court to hear and determine such a suit."

See also Textile Workers Union of America v. Amazon Cotton Mill Co., D.C., 76 F.Supp. 159; United Steel Workers of America v. Shakespeare Co., D.C., 84 F. Supp. 267, which latter case was heard by this court and determined February 14, 1949.

Rule 17(a) of the Federal Rules of Civil Procedure provides in part:

"Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought".

In 3 Moore's Federal Practice, 2d Ed., page 1370, it is stated:

"At common law an action on a contract might, and in most cases must, be brought by a party to it. It is clear, therefore, that the person named in this section is a real party in interest. Precisely as in the case of the executor, administrator, guardian, trustee of an express trust, the inclusion of the clause under discussion is explained upon the ground of caution. The inclusion was to make clear that a party with whom or in whose name a contract had been made for the benefit of another was not to be deprived of his common law right because another was the beneficial owner, and also to make certain that he need not join the beneficial owner. In accordance with the express wording of the provision 'a party with whom or in whose name a contract has been made for the benefit of another' may sue in his own name, and need not join the third party beneficiary."

Section 301(a) of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 185(a), provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

In construing this section of the Labor Management Relations Act, 1947, the courts have held that a labor organization is not only the proper party to bring an action for an employer's breach of a contract between the employer and the organization, but that it is the only party which may bring an action for such a breach. Textile Workers Union of America v. Amazon Cotton Mill Co., D.C., 76 F.Supp. 159; Studio Carpenters Local Union No. 946 v. Loew's, Incorporated, D.C., 84 F.Supp. 675. That is, the courts have held that the labor union, and not the individual members of the union, is the proper party plaintiff in an action against the employer for his violation of a contract with the labor organization. Schatte v. International Alliance of Theatrical Stage Employees, D.C., 84 F.

Supp. 669. In the Textile Workers Case, 76 F.Supp. 159, at page 164, which I cited, the court said:

"There is no merit in the contention that the plaintiff is not a real party in interest. If a labor union is unable to protect its membership in the courts, then its very existence is at stake. Its power is utterly dissipated. If it can do nothing for its members but each one must protect itself, the employee is no better off now than he was before congress clothed him with the legal right to organize, to choose bargaining agents and to bargain collectively."

In the Studio Carpenters Union Case, 84 F.Supp. 675, at page 676, which I cited, the court said: "The plaintiffs being a 'labor organization' are appropriate parties plaintiff under Sec. 301." Finally, in the Schatte Case, in construing § 301(a) the court said, 84 F.Supp. at page 672:

"It is plain * * * that Congress did not intend to grant jurisdiction to the District Court, without regard to amount (in controversy) or diversity of citizenship, of every suit in which an individual member of any union might wish to assert a violation of a labor contract, whether the contract be between an employer and a labor organization, or between labor organizations. To have done so would be to have placed upon the District Court a staggering burden of litigation without the incidental provisions for .additional Judges, other personnel, and the court rooms to try them. The legislative history indicates to me beyond dispute that the intention of Congress by Section 301 was to provide a forum, other than the street, for settlement of asserted violations of labor contracts by law suits, the parties to which could *only* be the parties to the contract involved, i. e., either the employer or the labor organization. And that it˙ was in-

tended that the labor organization alone could speak as a party to the suit on behalf of the employees it represented as a party to the contract."

■ This court is convinced that under the provisions of the Labor Management Relations Act, 1947, and the authorities which I have cited and discussed, the plaintiff union in the present case has the capacity to bring this action against the defendant company for the alleged breach of the two contracts entered into by the defendant company and the plaintiff union as the certified bargaining agent of the employees of the company, and, as a party to the two contracts in question, it is the real party in interest in this action within the meaning of Rule 17(a) of the Federal Rules of Civil Procedure.

Therefore, the defendant's motion to dismiss the complaint is denied.

Having denied defendant's motion to dismiss the complaint, I will now turn to defendant's second motion, which is to strike those portions of the complaint as amended relating to the agreement between the General Motors Corporation and the UAW–CIO, and to strike the attached exhibit C–1, which sets out the holiday-pay provisions of the General Motors contract. This motion to strike is based on the defendant's contention that the provisions of the complaint and amended complaint and exhibit attached, relating to the General Motors Corporation—UAW–CIO contract and its interpretation and performance, are wholly irrelevant and immaterial to the issues involved in the present suit. Rule 12(f) as amended of the Federal Rules of Civil Procedure provides:

"Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order

stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In 2 Moore's Federal Practice, 2d Ed., at pages 2317 and 2318 it is stated:

"Motions to strike alleged redundant, immaterial, impertinent or scandalous matter are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied."

The portions of the complaint and amended complaint and exhibit C–1 objected to by the defendant, if allowed to stand, would raise an issue of fact as to whether the holiday-pay provisions in the General Motors—UAW—CIO contract and the facts relative to the interpretation and performance of that contract were a part of the circumstances surrounding the action of the parties to this suit in entering into the two contracts here in question. The question presented is whether this issue of fact has any possible bearing upon the subject matter of the present action. That question requires a determination of the further question as to whether the provisions of the two similar contracts here in dispute are ambiguous. If the provisions of these two contracts relative to holiday pay are ambiguous, then the preliminary negotiations and circumstances surrounding the execution of these contracts become important to determine the actual intention of the parties, and evidence relating to such surrounding circumstances may be considered. In Michigan Crown Fender Co. v. Welch, 211 Mich. 148, at page 164, 178 N.W. 684, at page 690, 13 A.L.R. 896, the court said: "When the language (of a contract) is obscure or the implications claimed not imperatively manifest, both preliminary negotiations and surrounding circumstances may be considered."

In the case of Hustina v. Grand Trunk Western R. Co., 303 Mich. 581, 586, 6 N.W.2d 902, 904, the Supreme Court of Michigan quoted with approval from the case of Smith v. Smith, 71 Mich. 633, 639, 40 N.W. 21, as follows:

"It is a cardinal rule in the construction of contracts that the intention of the parties is to be inquired into, and, if not forbidden by law, is to be effectuated. Too much regard is not to be had to the proper and exact signification of words and sentences, so as to prevent the simple intention of the parties from taking effect. And whenever the language used is susceptible of more than one interpretation, the courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties, and the subject matter of the instrument."

In Gee v. Olson, 320 Mich. 274, at page 288, 30 N.W.2d 867, at page 873, the court quoted with approval from Milligan v. Haggerty, 296 Mich. 62, 69, 295 N.W. 560, as follows:

"So far as practicable or legally possible, in construing a contract each and all of its provisions should be given effect; and if there is doubt as to the meaning, the conditions and circumstances surrounding the contracting parties and the subject matter with which they are dealing may be considered in arriving at a just construction."

■ The following statement in 3 Williston on Contracts, Rev.Ed., page 1804, is directly applicable to the question presented by the defendant's motion to strike in the present case. In Williston it is stated:

"It should be observed that the existence of an earlier writing or statements made in such a writing if known to both parties to a later

writing, are part of the surrounding circumstances, and however disconnected the transactions may be which gave rise to the two writings, the existence or contents of the earlier may explain the meaning of the later, and, if so, should be admissible in evidence."

■ It is obvious that if the provisions relating to holiday pay appearing in the two contracts here in suit are ambiguous or obscure or susceptible of more than one interpretation, then the facts and circumstances surrounding the execution of those contracts may properly be admissible in determining the meaning of the ambiguous terms and the intention of the parties. In other words, the parts of the complaint and amended complaint and exhibit C-1, which the defendant company seeks by its motion to have stricken, may have a bearing on the subject matter and the dispute involved in the present suit. That question can be properly determined only upon a trial of this case on the merits. In 3 Ohlinger's Federal Practice, page 218, it is stated: "A motion to strike should be granted only when the allegations complained of can have no possible relation to the controversy." See also French v. French Paper Co., D. C., 1 F.R.D. 531.

Now, as bearing upon the general problem as to the right of a labor union to sue an employer for an alleged breach of contract, I think we may well consider certain other decisions, and I cite Local 937 of International Union United Automobile, Aircraft and Agricultural Implement Workers of America, C. I. O. v. Royal Typewriter Co., Inc., D.C., 88 F.Supp. 669; United Shoe Workers of America, C. I. O., v. Le Danne Footwear, Inc., D. C., 83 F.Supp. 714; United Automobile Workers Amalgamated Local No. 286 v. Wilson Athletic Goods Manufacturing Co., D.C., 119 F.Supp. 948.

For the reasons which I have stated I am convinced that the defendant's motion to strike certain portions of the complaint and amended complaint and exhibit C-1

attached to the amended complaint should be denied.

In summary, the court feels obliged to deny defendant's motion to dismiss the complaint and to deny defendant's motion to strike. An order will accordingly be entered denying the defendant's two motions. The court will allow no costs on these motions.